UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS BRITO,

    Plaintiff,

v.                                                  Case No: 6:18-cv-177-Orl-41TBS

4018 W. VINE STREET LLLP and
RAMADA WORLDWIDE INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Final Judgment against Defendant, 4018 W. Vine Street, LLLP (Doc 19). Upon due consideration, I respectfully recommend that the motion be **DENIED** and that Plaintiff's complaint be **dismissed, with leave to amend**.

### I. Background

Plaintiff brings this Americans with Disabilities Act case for injunctive relief and attorney's fees and costs pursuant to 42 U.S.C. § 12181, *et seq.* (the "ADA") (Doc. 1). Plaintiff sued two entities – Defendant Ramada Worldwide, Inc. ("Ramada") and 4018 W. Vine Street LLLP ("Vine Street"). Ramada was served and answered the complaint, denying any liability (Doc. 18). Vine Street was served (Doc.14) and has failed to respond. A clerk's default was entered Vine Street on March 15, 2018 (Doc. 17). This motion followed and was referred to me.

After Ramada answered and the motion for default judgment was filed, Plaintiff attempted to dismiss his claims against Ramada without prejudice, pursuant to FED. R.

Cɪᴠ. P. 41(a)(1) (Doc. 20). By separate Order, I have stricken that notice because it does not comply with the rule it cites.

## II. Discussion

### Standard of Review

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005). In other words, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

The Allegations of the Complaint

Plaintiff is a mobility impaired individual who requires the use of a wheelchair to ambulate (Doc. 1, ¶ 12). Here, he alleges that both Defendants operate the property that is the subject of this lawsuit:

> 6. At all times material, Defendant, 4018 W. VINE STREET, LLLP, owned and operated a hotel property/place of public accommodation which holds itself out to the public as "Ramada Kissimmee Downtown Hotel" located at located at 4018 W. Vine Street, Kissimmee, Florida 34741 (hereinafter "Hotel Property and Hotel Business").
>
> 7. At all times material, Defendant, RAMADA WORLDWIDE INC., was and is a Delaware Corporation, which conducts a significant amount of business at 4018 W. Vine Street, Kissimmee, Florida 34741.

> 8. At all times material, Defendant, RAMADA WORLDWIDE INC., owned and operated a hotel business which holds itself out to the public as "Ramada Kissimmee Downtown Hotel" located at 4018 W. Vineland Street, Kissimmee, Florida 34741 (hereinafter "Hotel Business").
>
> …
>
> 13. Defendants, 4018 W. Vine Street LLLP and RAMADA WORLDWIDE INC., operate as "Ramada Kissimmee Downtown Hotel," which is a hotel located in Kissimmee, Florida.

(Id., ¶¶ 6-8, 13).

Plaintiff alleges that he is domiciled in Florida and has frequented the Kissimmee area on at least four occasions for extended periods of time (Id., ¶¶ 4, 15). On September 6-7, 2017, he visited Defendants' property (Id., 13). Plaintiff encountered architectural barriers that denied or diminished his ability to visit the property, and endangered his safety (Id., ¶¶ 17-18). Plaintiff "intends to return to the property to avail himself of the goods and services" within four months time (Id., ¶¶ 14-15). In this lawsuit he seeks a declaration that Defendants are in violation of Title III of the ADA, injunctive relief, and an award of attorney's fees, costs and litigation expenses.

ADA Standards of Law

Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes a private entity's "failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA creates a private right of action and empowers

the federal courts to grant injunctive relief, including orders "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [Title III]." 42 U.S.C. § 12188(a)(l)-(2).

To state a claim under the ADA, a plaintiff "generally has the burden of proving: (1) that he is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of his disability." Cohan v. Rist Properties, LLC, No. 2:14-CV-439-FTM, 2015 WL 224640, at *2 (M.D. Fla. Jan. 15, 2015), citing Schiavo ex rel. Schindler v. Schiavo, 358 F.Supp.2d 1161, 1165 (M.D.Fla.2005) aff'd, 403 F.3d 1289 (11th Cir.2005).

Concerning the relief Plaintiff seeks:

> "To issue a permanent injunction under the ADA[,] ... the Court must apply the same factors as it would in any other cases in which a plaintiff sought a permanent injunction." Wilson v. Broward County, Fla., No. 04-61068-CIV, 2008 WL 708180, at *1 (S.D.Fla. Mar. 14, 2008). To satisfy the test for an injunction, a plaintiff must demonstrate the following four factors: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1224 (M.D. Fla. 2012).

When a plaintiff alleges discrimination due to an architectural barrier prohibited by the ADA, the plaintiff is required to show that either (1) the barrier's removal is "readily achievable," or (2) if removal is not readily achievable, that the goods, services, or facilities may be made available through alternative methods as long as such methods

are "readily achievable." Larkin v. Cantu LLC, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017), report and recommendation adopted, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2672617 (M.D. Fla. June 21, 2017), citing Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006). "'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." Id., citing 42 U.S.C. § 12181(9). The following factors are considered when evaluating whether barrier removal is "readily achievable":

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and function of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

Analysis

Plaintiff's motion fails to address any of the elements it is his burden to show in order to establish entitlement to a default judgment for the relief he seeks. The well-pleaded allegations of his complaint, which are deemed admitted, serve to establish that Plaintiff is an individual with a disability and that he observed certain violations on

Defendants' property. But, Plaintiff has not provided a sufficient legal basis to show that he is entitled to relief.

First, Plaintiff has not clarified each Defendants role with respect to the Hotel. His complaint asserts joint ownership and operation of the "hotel business" and seeks relief against both Defendants jointly. Although Plaintiff attempted to unilaterally dismiss his claims against Ramada without prejudice his notice is a nullity, as Rule 41(a)(1) states that it applies if the notice is filed before the opposing party serves an answer, or in the event a stipulation of dismissal is signed by all parties who have appeared. Neither of these condition has been met.

As Ramada cannot be dismissed at this stage without its consent or a court order, it remains in the case. And, Ramada, has filed an answer denying liability for a variety of reasons, including an affirmative defense that the requested accommodations are unreasonable (Doc. 18, Fourth Affirmative Defense). In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable until the matter has been adjudicated with regard to all defendants. Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). Here, if Plaintiff prevails against Ramada, he is entitled to judgment against both Defendants. But, if Ramada prevails against Plaintiff, then in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless the defense is personal to Ramada. See Frow, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554. *Cf.* Drill South, Inc. v. Int'l Fidelity Ins. Co., 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "Frow has been interpreted to apply only where there is a risk of inconsistent adjudications.") This district has followed Frow, and has declined to grant default judgments when there is a risk of inconsistent adjudications. See *e.g.* Regions Bank v. Campus Developmental Research Sch., Inc., No. 6:15CV1332-ORL-CEMDAB, 2016 WL 3039650, at *3 (M.D. Fla. Feb. 11, 2016), report and recommendation adopted, No. 6:15CV1332ORL41DAB, 2016 WL 3033515 (M.D. Fla. May 27, 2016); N. Pointe Ins. co. v. Glob. Roofing & Sheet Metal, Inc., No. 6:12-CV-476-ORL-31, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012); Freeman v. Sharpe Res. Corp., No. 6:12-CV-1584-ORL-22, 2013 WL 686935, at *2 (M.D. Fla. Feb. 7, 2013) report and recommendation adopted, No. 6:12-CV-1584-ORL-22, 2013 WL 686986 (M.D. Fla. Feb. 26, 2013) ("In cases like this one, where there are multiple defendants, judgment should not be entered against a defaulted party alleged to be jointly liable, until the case had been adjudicated with regard to all the defendants."). It is also "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imp., 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). The motion for default judgment is premature here.

Even if Ramada was not in the picture as a Co-Defendant, Plaintiff's complaint fails to plead sufficient facts to show that removal of the barriers he encountered is "readily achievable." He alleges a long list of alleged violations followed by the conclusory assertion: "whose resolution is readily achievable." (Doc. 1, ¶ 28). Plaintiff fails to plead any facts–or make any showing in support of his motion–sufficient for the Court to

- 8 -

conclude that the violations he alleges in his complaint can be rectified by alterations that are easily accomplishable and able to be carried out without much difficulty or expense. Indeed, Plaintiff does not make *any* showing as to the statutory factors. See 42 U.S.C. § 12181(9). "Because barrier removal requirements do not apply where removal is not 'readily achievable,' Plaintiff has failed to state a claim for which relief may be granted." Hoewischer v. Joe's Properties, LLC, No. 3:11-CV-769-J-12MCR, 2012 WL 139319, at *3-4 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment).

Plaintiff's allegations and threadbare motion are also not enough to establish his standing for issuance of a permanent injunction. In the ADA context, when seeking prospective, injunctive relief, a plaintiff must plausibly "show past injury and a real and immediate threat of future injury." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1329 (11th Cir. 2013). To establish the requisite "real and immediate threat of future injury," a plaintiff pursuing injunctive relief "under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" Id., 733 F.3d at 1336 (internal quotations omitted). As Judge Byron observed in a similar case:

> Analyzing the threat of future discrimination frequently turns on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant."[] See Hoewischer, 877 F. Supp. 2d at 1223. The standing determination for a plaintiff seeking injunctive relief is a "fact sensitive inquiry[.]" Houston, 733 F.3d at 1340. "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury." Id. at 1337 n.6.

Kennedy v. New Smyrna ACD LLC, No. 6:17-CV-89-ORL-40TBS, 2017 WL 6560000, at *4 (M.D. Fla. Dec. 22, 2017).

Plaintiff lives in Miami, Florida, which is over two hundred miles from the property (Doc. 13-1). He has visited the property once, when he was in Orlando on vacation, and plans to "return to and visit the hotel properties and businesses regularly if they become accessible and definitely plan to do so within four (4) months' time." (Doc. 13-1 at 1). No further showing is made. As in the New Smyrna case, "[w]ithout more, Plaintiff's bare allegation of generalized plans to travel more than 200 miles to inspect Defendant's property for ADA compliance fails to demonstrate a likelihood of future injury." Id., 2017 WL 6560000, at *4. The Eleventh Circuit has recently observed on similar facts:

> In taking all of the factual allegations and the totality of the circumstances into consideration, we conclude that Plaintiff has failed to demonstrate a "real and immediate threat of future injury" and thus cannot meet the requirements for standing. Plaintiff's singular documented visit to Port of Call does not weigh in her favor. As we noted in Shotz, a plaintiff seeking injunctive relief under Title III must "have attempted to return" or at the minimum "intend to do so in the future." 256 F.3d at 1081. Like in Shotz, Plaintiff only visited the allegedly non-complaint premises once before filing her complaint (and even her amended complaint) and thus cannot claim that her singular past injury presents evidence suggesting future injury. Compare Shotz, 256 F.3d at 1082 (concluding that a single visit to a non-complaint building with no expressed intent to return amounted to "conjectural, hypothetical, or contingent" rather than "real and immediate future discrimination"), with Houston, 733 F.3d at 1336 (determining plaintiff's multiple visits to the discriminating premises before he filed suit evidenced a future threat of continued discrimination).
>
> Further, Plaintiff's generalized intent to return to the Cocoa Beach area sometime in the future does not bolster her case. Plaintiff lives about three hours away from the area and has no definitive plans to return to Port of Call (which, we note, is now impossible, as the store has closed). Her vague intent to return to shop and monitor the premises cannot pass constitutional muster. Unlike the plaintiff in Houston who lived only thirty miles away and had both definitive plans and sound reason to revisit the area, Plaintiff uses overly-broad and vague language as a "catch-all" to hope that her claim will stick. While neither our court nor the Supreme Court require

> detailed or concrete travel plans to revisit a place to meet standing requirements, case law requires more immediacy than a "someday" plan. See Houston, 733 F.3d at 1338-40.

Kennedy v. Beachside Commercial Properties, LLC, No. 17-14356, 2018 WL 2024672, at *3 (11th Cir. May 1, 2018) (affirming Judge Dalton's dismissal of complaint for lack of standing). In asserting only that he "plans to return" to the property, Plaintiff has failed to allege any facts that tend to show that a threat of future injury is more than speculative. Therefore, he has not shown that he has standing sufficient to be entitled to injunctive relief.[1]

Finally, although Plaintiff requests an award of attorneys' fees, costs and litigation expenses, he provides no evidence and makes no showing as to this element of his claim. Because I conclude that he has not established a right to entry of a default judgment, no further analysis of the fee request is necessary.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's motion for entry of default judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED without prejudice** for lack of standing, with 14 days leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

[1] Even if Plaintiff had established standing and entitlement to relief, he has failed to provide the specificity necessary for the entry of an injunction. "Pursuant to Rule 65, every injunction must "state its terms specifically" and "describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required." Access for the Disabled, Inc. v. Osceola Enterprises of Kissimmee, Inc., No. 609-CV-1805-ORL-31GJ, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (citing Fed. R. Civ. P. 65.5). The proposed Final Default Judgment tendered by Plaintiff (Doc. 19-1) is woefully inadequate.

finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

   **RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 30, 2018.

                  THOMAS B. SMITH
                  United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record
  Any Unrepresented Parties