UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLOS BRITO,**

    **Plaintiff,**

v.                                                                Case No: 6:18-cv-177-Orl-41TBS

**4018 W. VINE STREET LLLP,**

    **Defendant.**

                                                 /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Default Final Judgment ("Motion," Doc. 19). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation (Doc. 22), in which he recommends that the Court deny the Motion and dismiss Plaintiff's Complaint with leave to amend. Judge Smith explains, *inter alia*, that Plaintiff's Motion should be denied because the Complaint fails to plead sufficient facts to show that removal of the barriers he encountered is readily achievable and that the proposed Final Default Judgment submitted by Plaintiff fails to comply with Federal Rule of Civil Procedure 65. (*Id.* at 8, 11 n.1). Judge Smith also reasons that Plaintiff's Complaint should be dismissed because the allegations in the Complaint fail to establish that Plaintiff has standing to seek injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (*Id.* at 9–11).

Plaintiff filed Objections to the Report and Recommendation (Doc. 25). Because it "is a jurisdictional prerequisite to suit in federal court," *Alabama v. U.S. Envtl. Prot. Agency*, 871 F.2d 1548, 1554 (11th Cir. 1989), the Court first addresses Plaintiff's standing. As Judge Smith indicated, where a plaintiff seeks injunctive relief, he must demonstrate that he suffers from a real and immediate threat of future injury. To determine whether an ADA plaintiff suffers from a real and immediate threat of future injury, courts typically look at four factors: "(1) the proximity of

the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222–23 (M.D. Fla. 2012) (quoting *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007)). Plaintiff objects to the use of the distance from his residence to Defendant—over 200 miles—as a primary reason to conclude that he lacks standing. Plaintiff argues that Defendant's business is a hotel, and the fact that he lives far away from the hotel should not be held against him. First, the Court disagrees that Judge Smith used Plaintiff's distance from Defendant as a primary reason to deny standing. Judge Smith's analysis was based on the totality of the circumstances. If anything, Judge Smith focused on Plaintiff's past patronage and the fact that Plaintiff only visited Defendant once before filing suit and Plaintiff's generalized, rather than definitive, plan to return. (*See* Doc. 22 at 10).

Plaintiff also objects to Judge Smith's finding that he has not pleaded or otherwise placed on the record a concrete intent to return to Defendant. But Judge Smith accurately noted that Plaintiff merely stated in his Responses to the Court's interrogatories that he plans "to return to and visit the hotel properties and businesses regularly if they become accessible and definitely plan[s] to do so within four . . . months." (Resp. to Court's Interrogs., Doc. 13-1, at 1). The Court agrees that this is insufficient to establish a definite plan to return, and Plaintiff has failed to provide the Court with additional information that might persuade the Court otherwise. Therefore, the third factor weighs against Plaintiff.

Additionally, it is worth noting that in reaching his conclusion regarding Plaintiff's standing, Judge Smith relied on a recent Eleventh Circuit case. *See Kennedy v. Beachside Commercial Props., LLC*, No. 17-14356, 2018 WL 2024672, at *4 (11th Cir. May 1, 2018). In that case, the facts were more favorable to the plaintiff than they are here—the plaintiff only lived 175 miles from the defendant and had visited the area about fifty times in her lifetime and ten times in

recent months; yet the court concluded that based on the totality of the facts, especially the plaintiff's single documented visit to the defendant and the plaintiff's generalized intent to return, the plaintiff lacked standing. *Id.* at *3–4.

Thus, after a *de novo* review of the record, the Court agrees with Judge Smith's standing analysis in the Report and Recommendation. Based on the totality of the facts alleged and the current record, Plaintiff has failed to establish that he has standing to bring his ADA claims. Absent standing, Plaintiff's Complaint must be dismissed and, consequently, his Motion must be denied. The Court declines to address the other issues discussed in the Report and Recommendation or Plaintiff's other objections.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** as stated herein.
2. Plaintiff's Motion for Default Final Judgment (Doc. 19) is **DENIED**.
3. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
4. **On or before July 20, 2018**, Plaintiff may file an amended complaint. Failure to do so may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record