UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE: 6:18-cv-177-Orl-41TBS

CARLOS BRITO,

    Plaintiff,

v.

4018 W. VINE STREET LLLP,

    Defendant.

_____/

**AMENDED COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals ("Plaintiff"), sues Defendant, 4018 W. VINE STREET LLLP ("Defendant") and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.§ 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.    Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, 4018 W. VINE STREET, LLLP, was and is a Florida Limited Partnership, which conducts a significant amount of business at 4018 W. Vine Street, Kissimmee, Florida 34741.

6.      At all times material, Defendant, 4018 W. VINE STREET, LLLP, owned and operated a hotel property/place of public accommodation which holds itself out to the public as "Ramada Kissimmee Downtown Hotel" located at located at 4018 W. Vine Street, Kissimmee, Florida 34741 (hereinafter "Hotel Property and Hotel Business").

7.      Venue is properly located in the Middle District of Florida because Defendants' Hotel Property and Hotel Business are located in, and Defendants regularly conduct business within Kissimmee, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Orlando, Florida.

## FACTUAL ALLEGATIONS

8.      Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individual with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Hotel Property and Hotel Business.

10.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his

impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

11. Defendant, 4018 W. Vine Street LLLP, operates as "Ramada Kissimmee Downtown Hotel," which is a hotel located in Kissimmee, Florida. Kissimmee, Florida is a tourist mecca because of its many famous attractions, to include the Disney Resorts and Universal Studios, to name a couple. The individual Plaintiff visited the Hotel Property and Hotel Business on or about September 6-7, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.

12. The Plaintiff visited the Hotel Property and Hotel Business as a hotel guest, intends to return to the property to avail himself of the goods and services offered to the public at the property and has been prevented from doing so by the Defendant. In fact, the Plaintiff as recent as July 20th, 2018 attempted to make a reservation for an ADA compliant room at the Hotel Property and Hotel Business, and was in the process of doing so until such time as he provided the onsite reservations representative of the Hotel Property and Hotel Business Plaintiff's his personal information (including his name, address and telephone number). At that moment he was placed on hold for a long time. Upon the reservation representative's return he advised there were no ADA accessible rooms available. When the Plaintiff asked if there were any other rooms, he was again told that they could not accommodate him.

13. Plaintiff is domiciled in the same state as the property. Plaintiff often visits the Orlando/Kissimmee area (at least 4 – 6 times per year) for to enjoy the many tourist attractions and theme parks located therein and nearby with his family and girlfriend, and her two young children. Plaintiff usually elects to stay at a hotel when he does so because of the 227 mile distance

between his Miami residence and the theme parks that he visits n these occasions[1]. Plaintiff has recently attempted to return to the Defendants' Hotel Property and Hotel Business, however he was advised there were no rooms available for him and has had to make other arrangements to stay in the Orlando/Kissimmee area during his upcoming trip during the last week of July 2018 wherein he and his girlfriend plan to visit at least one (1) local theme park[2].

14. During Plaintiff's stay at the Hotel Property and Hotel Business, he found it to be rife with ADA violations.

15. The Plaintiff encountered architectural barriers at the subject Hotel Property and Hotel Business, and wishes to continue his patronage and use of the premises in the near future.

16. The barriers to access at Defendant's Hotel Property and Hotel Business have denied or diminished Plaintiff's ability to visit the Hotel Property and Hotel Business and have endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

17. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns and operates is known or otherwise holds itself out to the public as the "Ramada Kissimmee Downtown Hotel" located at 4018 W. Vine Street, Kissimmee, Florida 34741.

---

[1] It is the Plaintiff's position that the distance from his Miami residence to the Orlando/Kissimmee theme parks he visits, enhances the likelihood of staying and returning to said hotel in the near future, as pled. This is because it is very difficult, especially more so when one is a paraplegic, to commute the approximately 227 miles from Miami to an Orlando/Kissimmee area theme park and return back the same day. It is also the Plaintiff's contention that these hotels in the area are there primarily to service the bourgeoning tourist industry that has become an area mainstay and great revenue source because of the many theme parks, to include those from Disney and Universal Studios. In other words, the distance increases the likelihood of returning to the hotel in this instance.

[2] Plaintiff has often had yearly passes to Orlando/Kissimmee theme parks because of the frequency that he attends them, to include during the present year and the last year.

18. Plaintiff has a realistic, credible, imminent, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property as described in, but not necessarily limited to, the allegations in Paragraph 20 of this Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Hotel Property and Hotel Business in violation of the ADA. Plaintiff has a desire and has demonstrated his desire to visit the property soon by attempting to stay at the hotel, not only to avail himself of the goods and services available at the property but to assure himself that the Hotel Property and Hotel Business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Hotel Property and Hotel Business without fear of discrimination.

19. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182, et seq.

20. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that the Plaintiff encountered during his stay at the Hotel Property and Hotel Business include, but are not limited to, the following:

A. **Parking**

1. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

4. There are accessible parking spaces that do not provide signs designating them as accessible and some signs are mounted too low, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

B. **Entrance Access and Path of Travel**

1. The Plaintiff had difficulty entering some of the spaces at the facility without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: Entrance doors have non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

2. There are protruding objects throughout the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not enter the pool area without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the pool gate violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily available.

C. **Access to Goods and Services**

1. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use the registration counter as it is mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(2) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The facility fails to provide a pool lift or other accessible means into the pool. This violates ADA Title III Regulation 28 CFR Part 36.202(a), whose resolution is readily achievable.

5. The drinking fountain has a spout that is higher then 36 inches. Violation: There are drinking fountains that are in violation of Section 4.15.2 of the ADAAG and Section 602.4 of the 2010 ADA Standards, whose resolution is readily achievable.

D. **Public Restrooms**

1. The Plaintiff had difficulty opening the restroom door, as the door pressure to operate the door was excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.
2. The Plaintiff could not close the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.
3. The Plaintiff could not exit the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.
4. The Plaintiff could not use the accessible toilet compartment without assistance, as the required clear floor space was not provided due to the door swinging into the area. Violation: Compliant clear floor space is not provided in the accessible toilet compartment, violating Sections 4.2.3, 4.22.2, and 4.22.3 of the ADAAG and Sections 304.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.
5. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the

reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The Plaintiff had difficulty using the urinals, as the rims are mounted too high. Violation: There are urinals provided for public use that do not comply with the

standards set forth in Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

11. The Plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

12. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

13. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for in the designated accessible guest rooms, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

14. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

15. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

E. **Accessible Guestrooms and Bathrooms**

1. The required amount of compliant guestrooms designated for disabled use is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The rooms designated for disabled use do not provide the required number of roll-in showers for use by the disabled, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not enter the guestroom without assistance, as the required maneuvering clearance is not provided on the push side. Violation: The guestroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the drapery wands without assistance, as they require tight grasping and twisting of the wrist to operate. Violation: The drapery wands provided in the designated accessible guestroom are in violation of the requirements of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff had difficulty using the electrical outlets, as they are mounted too low. Violation: Electrical outlets are mounted at non-compliant heights as required in Sections 4.2.5, 4.2.6, & 4.27.3 of the ADAAG and Sections 205.1, 308, & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff had difficulty using the bathroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The

bathroom door has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not use the towel hook without assistance, as it is mounted too high. Violation: There are towel hooks provided in the accessible guestrooms that are outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not traverse through areas of the guestroom, as the required 36" path is not provided. Violation: There isn't a continuous path of travel connecting all essential elements/spaces of the guestroom violating Sections 4.2.1, 4.3.3, & 9.2.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff had difficulty operating the lamps, as they required a tight grasp and twist. Violation: The rooms designated for disabled use provide elements with controls and/or dispensers that require tight grasping and/or twisting of the wrist to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The required alarms are not provided in the guestroom as required in Sections 4.28 & 9.3.1 of the ADAAG and Sections 702 & 806.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

11. The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in the accessible guestrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

12. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

13. The Plaintiff could not use the bathtub without assistance, as the required securely mounted seating is not provided. Violation: The bathtubs do not provide a compliant seat as required in Sections 4.20.3 of the ADAAG and Section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

14. The bathtub controls are not mounted at the prescribed location and they require tight grasping for a disabled person as required in Sections 4.20.5 Figure 34, and 4.27.4 of the ADAAG and Sections 309.4 & 607.5 of the 2010 ADA Standards, whose resolution is readily achievable.

15. The Plaintiff could not use the bathtub, as the required grab bars are not provided. Violation: Compliant grab bars are not provided in the bathtub as required in Section 4.20.4 and Figure 34 of the ADAAG and Section 607.4 of the 2010 ADA Standards, whose resolution is readily achievable.

16. The Plaintiff did not have a shower spray unit in the designated accessible guestroom. Violation: A compliant shower spray unit is not provided as required in Section 4.20.6 of the ADAAG and Section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

17. The Plaintiff could not reach the towels as they are located too high and there was insufficient clear floor space. The shelving/storage provided in the bathroom is in violation of the requirements in Sections 4.2.4, 4.2.5, 4.2.6, & 4.27 of the ADAAG and Sections 306, 308, & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

18. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

19. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

20. The Plaintiff could not transfer to the toilet without assistance, as there is insufficient clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Section and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

21. The discriminatory violations described in Paragraph 20 are not an exclusive list of

the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings and facilities; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.

23. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant has discriminated against the individual Plaintiff and all other individuals similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures,

when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. The Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met

by Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the Hotel Property and Hotel Business located at 4018 W. Vine Street, Kissimmee, Florida 34741, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue an Order of

(i.) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

(ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(iii.) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

(iv.) such other relief as the Court deems just and proper, and/or is allowable under Title

III of the Americans with Disabilities Act.

DATED: July 20th, 2018

                **GARCIA-MENOCAL, & PEREZ, P.L.**
                *Attorneys for Plaintiff*
                4937 SW 74th Court, No. 3
                Miami, FL 33155
                Telephone: (305) 553-3464
                Facsimile: (305) 553-3031
                Primary E-Mail: ajperezlaw@gmail.com
                Secondary E-Mails: mpomares@lawgmp.com

By:    */s/ Anthony J. Perez*
          ANTHONY J. PEREZ
          Florida Bar No.: 535451
          ALFREDO GARCIA-MENOCAL
          Florida Bar No.: 533610

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify a copy of the foregoing was sent by CM/ECF to all counsel of record, this 20th day of July, 2018.

>Respectfully submitted,
>**GARCIA-MENOCAL & PEREZ, P.L**
>*Attorneys for Plaintiff*
>4937 S.W. 74th Court, No. 3
>Miami, FL 33155
>
>By: */s/ Anthony J. Perez*
>      ANTHONY J. PEREZ
>      Florida Bar No.: 535451